31808. H. & V. BUILDERS INC. *v.* McDERMID *et al.*

DECIDED NOVEMBER 26, 1947.

198

*Hugh Burgess, Dudley Cook, MacDougald, Troutman, Sams & Branch,* for plaintiff in error.

*Ralph McClelland Jr., George & John L. Westmoreland,* contra.

FELTON, J. Since the liability of the defendant is predicated solely on the propositions that the plaintiffs paid the sum in question to the city for the benefit of the defendant and with the knowledge and consent of the defendant and that the defendant impliedly agreed to reimburse the plaintiffs, it seems to us that the allegations as made are merely conclusions of the pleader and do not state facts which show that the defendant impliedly agreed to reimburse the plaintiffs, nor does the amendment state the names of the defendant's authorized agents with whose knowledge and consent the plaintiffs paid the money. Neither does the amendment allege facts relative to the acceptance of the benefits as would give rise to an implied agreement to reimburse the plaintiffs. The petition as it stands, eliminating bare conclusions of the pleader, is consistent with the theory that the defendant believed the plaintiffs obligated to pay said sums. In such a case the defendant would not be bound to reimburse the plaintiffs for the sums if they were paid voluntarily

by the plaintiffs, in the absence of conduct on the part of the defendant in view of which it would be against equity. and good conscience not to require reimbursement.  There is no allegation of such conduct in this case, and, as stated, no facts are alleged which show an implied promise to reimburse.  The court erred in overruling the demurrers, and all further proceedings were nugatory.

*Judgment reversed.  Sutton, C. J., and Parker, J., concur.*